Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
150 Lexington Ave.
27th Floor
New York, New York 10155
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff YESH MUSIC, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YESH MUSIC LLC,                                              Case No.:  14-cv-7224

                  Plaintiff,                                 ECF CASE

              v.                                               **COMPLAINT AND JURY DEMAND**

Yeti Coolers, LLC,

                  Defendant.
-------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC, by and through its undersigned counsel, brings this Complaint and Jury Demand against Defendant YETI COOLERS, LLC for permanent injunctive relief and damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §101, et seq. ("the Copyright Act").  Plaintiff alleges, upon personal knowledge as to itself and upon information and belief as to other matters as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

2.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)(1) (district where Plaintiff is domiciled as well as the Defendant's parent company the Cortec Group) and (b)(2) (district in which a substantial part of the events or omissions giving rise to the claim occurred).

**PARTIES**

4. Plaintiff YESH MUSIC, LLC ("YESH" or "Plaintiff") is a limited liability company organized under the laws of the State of New York, with a principal place of business located in Flushing, New York.  At all relevant times, YESH was, and continues to be, engaged in, among other things, the business of music publishing and otherwise commercially exploiting musical composition copyrights.

5. Upon information and belief, Defendant YETI COOLERS, LLC ("TETI") is a limited liability company organized under the laws of Texas with a principal place of business located at 3411 Hidalgo Street, Austin, TX.  YETI is primarily in the business of selling coolers and an associated line of apparel nationwide through its website www.yeticoolers.com.

**COPYRIGHTED WORK**

6. Plaintiff is the sole copyright owner in and to the work "*Near East*," an original work of authorship identified in Copyright Registration No. SR0000713755 attached as **Exhibit A**.

7. Plaintiff was designated as beneficiary of all right, title and interest in and to *Near East* by execution of an assignment from the copyright claimants, Richard Cupolo and John Emanuele, which assignment has been duly recorded with the Register of Copyrights.

8. Plaintiff has complied with all laws pertinent to *Near East* as copyrighted works and, in particular, has applied for and received a Certificate of Copyright Registration from the Register of Copyrights for the musical work

9. Plaintiff earns significant revenue from licensing its copyrighted works, including *Near East* which has been licensed for use in the television programs: *The Singles Project* on Bravo TV, *Randy Jackson Presents Americas Best Dance Crew* on MTV, and *There & Back: All Access With Virginia Lacrosse* on ESPN U

10. Defendant YETI, without license or authority, synchronized *Near East* in its national commercial which can be viewed at http://www.ispot.tv/ad/7OQ6/yeti-coolers-back-of-truck-song-by-the-american-dollar. As of the date of this Complaint, the YETI commercial has aired 2,311 times nationwide and in this Judicial District.

11. Defendant YETI continued to air the subject commercial after it was served with multiple notices of the infringement. Defendant YETI;s use is intentional as defined by 17 U.S.C. §§ 106, 115 and 501

**CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**

12. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

13. It cannot be undisputed that the Plaintiff has a valid, registered copyright for *Near East* and that Defendant has reproduced and synchronized the copyrighted composition *Near East* to its nationwide commercial, thus infringing Plaintiff's rights under the Copyright Act. Irreparable injury is presumed here as Plaintiff has established a prima facie case of copyright infringement, as Plaintiff is entitled to the exclusive right to reproduce the copyrighted works.

14. Even after multiple notices to Defendant that it had no license or authority, Defendant elected to continue to reproduce, synchronize and and/or publicly distribute Plaintiff's copyrighted compositions in its nationwide commercial.

15. As a direct and proximate result of Defendant's infringement, Plaintiff has incurred damages, as described more fully above. Therefore, Plaintiff requests that it be awarded actual damages for the infringement, plus costs, interest, attorney's fees in an amount to be determined or, in the alternative, statutory damages for willful infringement in the amount of $150,000but not less than $30,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. On Plaintiff's Claim for Relief, for damages in such amount as may be found, including punitive damages pursuant to 17 U.S.C. § 504(b); in the alternative, for statutory damages in the amount of not less than $150,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B. a permanent injunction prohibiting further infringements of Plaintiff's copyrights by Defendant;

C. damages in an amount to be determined at trial but which are well in excess of the jurisdictional amount, for special, presumed or actual damages;

D. prejudgment interest according to law;

E. Plaintiff's attorney's fees, costs and disbursements in this action pursuant to 17 U.S.C. § 505; and

F. such other and further relief as the Court may deem just and proper,

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated: December 11, 2014				Respectfully Submitted,

						**GARBARINI FITZGERALD P.C.**


						By: _____
						Richard M. Garbarini (RG 5496)
						*Attorneys for Plaintiff*